IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KELVIN DENMAN                                                                                                     PLAINTIFF

v.                                                                                  No. 4:19CV140-GHD-DAS

MRS. WARE, ET AL.                                                                            DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Kelvin Denman, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Mr. Denman alleges that he received two false Rule Violation Reports stating that he passed a message from an inmate to a member of kitchen staff requesting to have sex with that staff member for $2,000. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

On May 10, 2019, at Unit 30-C of the Mississippi State Penitentiary, Kelvin Denman was in line to eat, then went to the bathroom. When he returned to the line, Captain King asked him, "What's wrong with your back?" Denman answered, "Old age; my back is hurting real bad." He left the dining hall and returned to his living area, but Captain King recalled him to the dining area 20 minutes later. Captain King asked, "Did you give a message to Ms. Ware?" Denman answered, "No." Captain King and Ms. Ware then began yelling at him, and Ware accused him of passing a message to her from another inmate, requesting sex in exchange for $2,000. Supervisor Ware issued two Rule Violation Reports to Denman: one for unauthorized communication with any member and another for using abusive, disrespectful, and obscene language directed at staff. He had hearings on the Rule

Violation Reports and was found guilty of both infractions. His punishment for the first Rule Violation Report was 30 days loss of telephone privileges; his punishment for the second was 30 days loss of visitation privileges. He alleges that both Rule Violation Reports are false and that the disciplinary process was invalid because of many administrative errors.

## No Violation of Due Process

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was 30 days loss of telephone and visitation privileges. Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might

conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 7th day of October, 2019.

_____
UNITED STATES SENIOR DISTRICT JUDGE